{¶ 104} I respectfully dissent from the decision of the majority, for the following reasons.
 {¶ 105} First, I believe we are bound to defer to the trial court's findings concerning the temper and tone of Attorney Brannon's behavior, including his remarks, and its disruptive effect on the court's proceedings.
 {¶ 106} Second, even if the judge did raise her voice when she told both counsel to stop bickering between themselves, that did not warrant Attorney Brannon's rejoinder: "Would you hold your voice down, Judge." (T. 39).
 {¶ 107} Third, that rejoinder and Attorney Brannon's subsequent explanation reveal a fundamental misapprehension of the role of attorneys vis-a-vis the court before which they appear, one that appears to have motivated his conduct.
 {¶ 108} Attorney Brannon appears to believe that the judge is merely prima inter pares, the first among equals. That may very well be so with respect to knowledge of the law and appreciation of the facts a case involves. However, that is not so with respect to the court's authority to control the proceedings. Within the framework created by the rules of procedure, the court's authority on that point is absolute. Therefore, it is not subject to being thwarted in its exercise by an attorney who disagrees with it, no matter how good he believes his reasons are.
 {¶ 109} Deference to the court in matters of its authority is not grounded on respect alone. It has a practical purpose. If the court can't proceed in an orderly fashion, its capacity to reach a just verdict is diminished. And, appellate courts are inhibited from performing their review of the trial court's verdict when the trial court's record is made confusing by disorder in its proceedings.
 {¶ 110} This was a hearing on a motion Attorney Brannon had filed asking the court to suppress evidence seized in a search of his client's premises. The issue, as the prosecutor several times had to point out, was whether the warrant authorizing the search was issued on probable cause. Attorney Brannon's questions to the law enforcement officer who obtained the warrant hardly touched on that issue at all. Seeing his case sinking, Attorney Brannon resorted to irrelevancies and distractions; demanding to know the number of a case to which the prosecutor referred, then arguing with the prosecutor over that matter, and finally admonishing the judge to "hold your voice down" when she intervened to restore order.
 {¶ 111} Attorney Brannon's behavior, though it was perhaps more reactive than calculated, was nevertheless an imminent threat to the court's ability to administer justice properly on the very issue Attorney Brannon's motion asked the court to decide. Judges cannot perform their duties if chaos reigns, and the creation of chaos was the object of Attorney Brannon's conduct. I find that it is punishable as contempt, and that the punishment the court imposed is proportionate to the wrong.
 {¶ 112} I would affirm.